UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRICOAST SMITTY, LLC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:12CV02019 AGF |
| ) | |
| DOES 1-45, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This "BitTorrent swarm" copyright infringement suit is before the Court on its own motion. For the reasons set forth below, those Doe Defendants #2 through #45 who are still in the action shall be severed from Doe #1 for misjoinder under Federal Rule of Civil Procedure 21.

## BACKGROUND

Plaintiff Tricoast Smitty, LLC, filed this action against 45 Doe Defendants, claiming that they violated its copyright to its movie, "Smitty," by uploading and downloading it using a peer-to-peer ("P2P") file sharing client known as BitTorrent. According to the complaint, P2P networks are computer systems which allow users to make files stored on each user's computer system available for copying by other users, or peers; search for files stored on other users' computers; and transfer exact copies of files from one computer to the other via the internet. BitTorrent in particular allows users to share large files while minimizing the strain on computer networks. It does this by

breaking files into smaller parts, and then enabling the small parts to be downloaded from multiple other users, rather than downloading a single large file from one other user's computer.  BitTorrent coordinates the downloading of the large file between hundreds and thousands of computers, and as the original user ("peer") downloads his or her copy it becomes available for other users to download.  The collection of users who simultaneously share a file is known as a "swarm."

Plaintiff alleges that some of the Defendants are Missouri residents and were part of a swarm that allowed them and others to steal Plaintiff's movie in violation of its copyright.  The pleadings suggest that this swarm lasted approximately thirteen weeks, from May 21, 2012, until August 16, 2012.  Plaintiff seeks damages and injunctive relief against Defendants.

Plaintiff was only able to identify Defendants by their Internet Protocol ("IP") address and Internet Service Providers ("ISPs").  By Order dated March 13, 2013, the Court granted Plaintiff's request to take pre-service discovery to ascertain Defendants' identities and contact information by serving subpoenas, within 30 days of the date of the Order, upon the ISPs for this information.

The ISPs were directed to serve, within 60 days, a copy on Defendants whose IP addresses were provided by Plaintiff.  The Order, which was to be served on Defendants along with the subpoena, gave Defendants up to 60 days from the date of the Order to file a motion to contest the subpoena, and to do so anonymously.  To date, no Defendants have filed objections.

## **DISCUSSION**

Rule 20 of the Federal Rules of Civil Procedure permits, in relevant part, a plaintiff to join multiple defendants into one action if "(A) any right to relief is asserted against them . . . arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Rule 21 permits a court to sever parties *sua sponte*. Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); *Purzel Video GMBH v. Does 1-67*, No. 4:13CV450 (SNLJ), 2013 WL 3941383, at *1 (E.D. Mo. July 31, 2013) ("[D]istrict courts across the country are considering, *sua sponte*, the issue of whether [BitTorrent] Doe defendants are properly joined.").

When determining whether defendants are joined properly, the court should "liberally construe[ ] [the requirements] in the interest of convenience and judicial economy in a manner that will secure the just, speedy, and inexpensive termination of the action." *Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F. Supp. 2d 332, 342 (D.D.C. 2011) (citations omitted). If defendants do not satisfy the test for permissive joinder, the court may sever the misjoined parties, "so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (citation omitted). "Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21.

There is a split of authority nationally over whether it is appropriate to join in a single lawsuit many Doe defendants who are alleged to have participated in a single

3

BitTorrent swarm.  Relying on BitTorrent's architecture, some courts have concluded that Doe defendants' infringing activities arise from the same series of transactions or occurrences if the illegally downloaded torrent file's unique identifier links each Doe defendant to the same initial seed and swarm.  *See, e.g., Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 244 (S.D.N.Y. 2012).

This Court is persuaded by the contrary view taken by many courts, that Rule 20(a) joinder of numerous Doe Defendants is not proper in BitTorrent cases, especially where, as here, the Doe Defendants' activities spanned roughly thirteen weeks.  The rationale for this view is expressed in *Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150 (N.D. Cal. 2011), as follows:

> Does 1–188 did not participate in the same transaction or occurrence, or the same series of transactions or occurrences. Under the BitTorrent Protocol, it is not necessary that each of the Does 1-188 participated in or contributed to the downloading of each other's copies of the work at issue—or even participated in or contributed to the downloading by any of the Does 1-188. Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe *or to any of the potentially thousands who participated in a given swarm*. The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world.

*Id*. at 1163 (citing numerous cases).  The Court believes that these cases are well-reasoned and will follow their precedent.

Even if joinder of the Doe Defendants in this action met the requirements of Rule 20(a), the Court finds it is appropriate to exercise its discretion to sever and dismiss all but one Doe Defendant to avoid causing prejudice and unfairness to Defendants, and in the interest of justice.  Rule 20(a)'s purpose of promoting judicial economy and trial

4

convenience would not be served by allowing Plaintiff to proceed against the forty-five Doe Defendants originally named because the ensuing discovery and variety of defenses could prove unwieldy for a single case. *See, e.g., BMG Music v. Does 1-203*, No. CV-04-650, 2004 WL 953888, at *1 (E.D. Penn. Apr. 2, 2004) (noting that different defenses would create scores of mini-trials involving different evidence and testimony).

In addition, joinder of numerous defendants in a single case may cause them prejudice. Court proceedings would be hampered as each defendant would have the opportunity to be present with his or her attorney. Though defendants may have nothing in common other than their participation in a single BitTorrent swarm, they would be required to serve every other defendant with all pleadings. Also, each defendant would have the right to be present at all other defendants' depositions. "The combination of these hardships could make conducting litigation difficult for individual defendants." *Bleiberg Entertainment, LLC v. Does 1-47*, No. CV-13-00595-PHX-GMS, 2013 WL 3786641, at *3 (D. Ariz. July 19, 2013).

Recently, in *Night of the Templar, LLC v. Does 1-116*, this Court decided to follow this approach. No. 4:12CV02022 (AGF), 2013 WL 4504368, at *4 (E.D. Mo. August 23, 2013). As noted in *Night of the Templar*, another court in this District, after expressing the view that joinder of numerous Doe Defendants in BitTorrent swarm cases was likely not proper under Rule 20, severed Defendants on the basis of judicial economy and fairness. *See reFX Audio Software, Inc. v. Does 1-97*, No. 4:13-CV-00409 (CEJ), 2013 WL 3766571 (E.D. Mo. July 16, 2013). Since then, at least one other court in this District has adopted this approach. *See Purzel Video GMBH*, 2013 WL 3941383, at *3.

5

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Doe #2 through Doe #45 are **SEVERED** and the claims against them are **DISMISSED** without prejudice.

_____
AUDRERY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of September, 2013.

6